■ In the Matter of BEVERLY M. SMITH, Petitioner, v CARMAN SHANG, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination confirmed, without costs, and petition dismissed. Memorandum: There is substantial evidence that petitioner failed to co-operate with the agency in establishing the paternity of her children and the petition is dismissed. All concur, except Doerr, J., who dissents and votes to grant the petition in the following memorandum.

Doerr, J. (dissenting). I respectfully dissent and vote to annul the determination after fair hearing and grant the petition. Petitioner, divorced from her husband, has nine minor children and is legal guardian of a niece and nephew. These 11 individuals are recipients of assistance in the ADC category. She has no income of her own. On December 28, 1976 petitioner applied to the Jefferson County Department of Social Services for a grant of home relief. Her application contained the following statement: "I was removed from the budget because I did not comply with the 4-D Regulations, so says a hearing decision. The results of an Arctile [sic] 78 said I did not comply with all the regulations because I did not state that I had relations with more then [sic] man who could be the father of my children born out of wedlock. I do so state this now for this application and I claim I now comply with the 4-D Regulations". Petitioner requested a fair hearing in January, 1977 and after some unexplained delay a fair hearing was held on June 14, 1977. At the fair hearing the local agency summary outlining the reason for refusing assistance to petitioner was received into evidence. The reason given was petitioner's alleged failure to comply with title IV-D of the Social Security Act in that "she refused to cooperate to establish paternity and seek support for several of the children in the ADC case." Of the children in petitioner's care and custody, the issue in this case involves three of these children. The caseworker from the local agency who testified at the fair hearing had no contact with petitioner at the time of the application or at the time of the fair hearing and testified to receiving information about the case from others, not present at the hearing. At the fair hearing, petitioner testified that at the times that the children in question were conceived she had relations with more than one man, in fact, with four or five men. No testimony was offered by the agency to controvert this testimony nor was petitioner cross-examined on this issue. The only inquiry made by the agency representative had to do with whether or not petitioner had co-operated in any attempt to assist in establishing paternity of the children. To become eligible for an assistance grant in the aid to dependent children category it is required that the identity of the parentage of each child be made known to the agency (18 NYCRR 351.2 [e] [2] [v] [e]) (since deleted from the regulation) provided an exception, however, in the following manner: "(e) The mother alleges relationship with more than one individual who could be the father of the child and there is reason to believe that she had had relationships with several individuals during the period during which conception could have taken place" (18 NYCRR 351.2 [e] [2] [v] [e]). Both in her application for assistance and in her testimony at the fair

hearing, petitioner complied with this exception without any challenge. The agency denial of assistance and the decision after fair hearing are each predicated upon petitioner's failure to comply with title IV-D of the Social Security Act in assisting the agency in efforts to establish paternity. Both denials thus overlooked or ignored the exception contained in 18 NYCRR 351.2 (e) (2) (v) (e). (CPLR art 78 proceeding transferred by order of Jefferson Supreme Court.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.